# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| RONALD E. BALL, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    CAUSE NO. 1:12-cv-00369-SLC |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| *Sued as Nancy A. Berryhill, Commissioner of* | ) |
| *Social Security*,[1] | ) |
| | ) |
|    Defendant. | ) |

## OPINION AND ORDER

Plaintiff Ronald E. Ball brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (DE 1). On February 28, 2014, this Court entered an Opinion and Order reversing the Commissioner's denial of benefits and remanding the case for further proceedings. (DE 32).

Ball's attorney, Joseph Shull, now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $23,706.25 for his representation of Ball in federal court. (DE 40). The Commissioner does not oppose Ball's fee request. (DE 43). For the following reasons, Shull's motion for attorney fees will be GRANTED, subject to the offset and adjustment set forth herein.

### *A. Factual and Procedural Background*

On September 18, 2012, Shull entered into a contingent fee agreement with Ball for his representation of Ball in federal court, in which Ball agreed to pay him 25 percent of any past-

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security, *see Casey v. Berryhill*, 853 F.3d 322 (7th Cir. 2017), and thus, she is automatically substituted for Michael J. Astrue in this case, *see* Fed. R. Civ. P. 25(d).

due benefits awarded to Ball.[2] (DE 41-3).

On October 22, 2012, Ball filed the instant action with this Court, appealing the Commissioner's denial of his application for disability benefits. (DE 1). On February 28, 2014, Ball received a favorable judgment from this Court, and the case was remanded to the Commissioner for further proceedings. (DE 32; DE 33).

On May 29, 2014, Ball filed a motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking payment for the 34.6 hours of work Shull spent advocating his claim in federal court. (DE 35-DE 36). On June 11, 2014, the Commissioner and Ball filed a joint stipulation, agreeing that Ball was entitled to a fee award of $6,000 under the EAJA. (DE 37). The Court granted the parties' stipulation and awarded Ball an EAJA fee award of $6,000. (DE 38).

On February 1, 2017, the Commissioner sent a notice of award to Ball, informing him that he was entitled to monthly disability benefits beginning in December 2008, and past-due benefits in the amount of $118,825. (DE 41-2). Shull requested and received $6,000 from the amount withheld by the Commissioner, in payment for Shull's representation of Ball at the agency level. (DE 41 at 8-10; DE 41-5).

On February 16, 2018, Shull filed the instant motion, together with supporting documentation, seeking the Court's approval of a payment of $23,706.25 for attorney fees before this Court. (DE 40-DE 42). On March 13, 2018, the Commissioner filed a response indicating that she does not object to Shull's request. (DE 43).

---

[2] The most common fee arrangement between attorneys and social security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

## B. Legal Standard

Fees for representing social security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793, 794. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA,[3] the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. 42 U.S.C. § 406(a); *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. §§ 404.1725(a), 416.1525(a). There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 794-95.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[4] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. Furthermore, § 406(b) has been harmonized with the EAJA; although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Unlike the award by the Commissioner under § 406(a), courts are required under §

---

[3] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when its position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[4] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

3

406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id.* at 807-08 (citations and footnotes omitted). "A petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

### *C. Analysis*

The Court is charged with determining whether Shull's requested fee of $23,706.25 under the contingent fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of [Ball's] total past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A). In that regard, Ball was awarded $118,825 in past-due benefits. Thus, the fee amount that Shull requests, $23,706.25, does not exceed 25% of Ball's past-due benefits.

Shull contends that his requested fee award of $23,706.25 is reasonable for the 32 hours that he spent representing Ball in federal court. He emphasizes that the requested fee reflects the contingent nature of the recovery. *See Gisbrecht*, 535 U.S. at 804-07 (explaining the contingent nature of a fee under § 406(b)); *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002) ("[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a *de novo* standard . . . . [and] because there are no settlements.").

It is clear that Shull obtained a good result for Ball, as the Commissioner ultimately

4

found him disabled and awarded him $118,825 in back benefits. Shull emphasizes that (1) he achieved a good result for Ball; (2) he provided Ball with effective and efficient representation, which he attributes to his significant experience and knowledge in the area of social security disability law; (3) the requested fee reflect the contingent nature of the recovery; and (4) it is in alignment with the fees of other attorneys in the local market. (DE 41 at 7-10; DE 41-4).

Shull did indeed obtain a good result for Ball and provided him with quality representation. *See Gisbrecht*, 535 U.S. at 808; *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (considering in a § 406(b) analysis that counsel had handled 900 or more Social Security cases and achieved a large measure of success for his client). This Court acknowledges Shull's numerous years of experience and significant knowledge in the area of social security disability law. (*See* DE 42 ¶¶ 4-6).

Yet this case was not particularly complex. Shull challenged the administrative law judge's ("ALJ") accounting for Ball's deficits in maintaining concentration, persistence, or pace in the hypothetical to the vocational expert, as well as the ALJ's credibility determination regarding Ball's mental symptoms. (*See* DE 21 at 6-11). Accordingly, Shull's arguments did not involve a novel or complicated issue. *See Schaffner v. Comm'r of Soc. Sec.*, No. 1:07-cv-00567, 2010 WL 3894580, at *2 (S.D. Ohio Sept. 7, 2010) (considering when discounting a lawyer's § 406(b) fee request that the legal work performed, while not entirely "boilerplate," was relatively straightforward and routine, requiring no extensive legal analysis); *Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1173 (C.D. Cal. 2006) (discounting requested § 406(b) fee where "the issues briefed in the summary judgment motion were neither novel nor complex").

The Court notes that Shull requested and received two separate 28-day extensions during the briefing process. (DE 26; DE 28). To the extent that Shull filed the reply brief late, he filed

5

it just one day after the deadline along with a declaration stating that the delay was caused by weather shutting down his office on the day the reply brief was due. (DE 30; DE 31). Thus, there is no indication that he was responsible for any excessive delay that would contribute to his profit from the accumulation of Ball's back benefits. *See Gisbrecht*, 535 U.S. at 808.

Shull also emphasizes that he incurred a substantial risk of loss in taking Ball's case.[5] Ball's claim was denied four times at the initial and reconsideration levels, twice at the hearing levels, and once before the Appeals Council. (DE 41 at 8). In addition, Shull points to statistics indicating that social security claimants who go to court ultimately prevail only about 35% of the time.[6] *See* Social Security Advisory Board, *Disability Decision Making: Data and Materials* at 89, 91 (May 2006), http://www.ssab.gov/Portals/0/OUR_WORK/REPORTS/Chartbook_ Disability%20Decision%20Making_2006.pdf; *see generally Gisbrecht*, 535 U.S. at 804-07 (explaining the contingent nature of a fee under § 406(b)); *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002) ("[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a *de novo* standard . . . . [and] because there are no settlements."). Based on these statistics, Shull explains that he needs to recover at least 2.7 times greater fees in contingent fee cases than in non-contingent fee cases to compensate for the substantial risk of loss involved in social security appeals. *See Crawford*, 586 F.3d at 1145

---

[5] Additionally, the Court notes that Shull submitted an affidavit in which Ball represents that he concurs with Shull's requested fee of $23,706.25 (DE 41-5), which is a factor considered by some courts in a § 406(b) request. *See, e.g.*, *Jeter v. Astrue*, 622 F.3d 37, 382 (5th Cir. 2010) (considering as a factor when awarding § 406(b) fees whether the claimant had submitted a declaration concurring with the fee request and asking the court to approve it).

[6] The statistics indicate that federal courts remand the Commissioner's final decision 45% of the time and grant benefits outright 5%. Of those cases remanded, 67% are ultimately awarded disability benefits.

(considering social security advisory board statistics in a § 406(b) fee analysis).

To that end, Shull produced the Affidavit of Steven Jackson, a local attorney who is experienced in representing social security claimants, in which Jackson states that "a fee of $300./hr. is a fair and reasonable estimate of a non-contingent hourly rate for an attorney doing similar work in the District Court." (DE 41-4 ¶ 8). Shull then explains that the requested fee of $23,706.25 divided by the 32 hours he spent on the case in federal court equates to an effective rate of approximately $553 per hour.[7] This rate is within the range of effective rates previously awarded in the Fort Wayne Division. *See, e.g.*, *Rorick v. Colvin*, No. 1:11-CV-00037, 2014 WL 3928488 (N.D. Ind. Aug. 12, 2014) (awarding a fee equating to $653.79 per hour); *Duke v. Astrue*, No. 1:05-cv-383, 2010 WL 3522572, at *4-5 (N.D. Ind. Aug. 30, 2010) (awarding a fee equating to $549.14 per hour); *Schimpf v. Astrue*, No. 1:06-cv-18, 2008 WL 4614658, at *3-4 (N.D. Ind. Oct. 16, 2008) (awarding a fee equating to $583.50 per hour).

Ultimately, "if a claimant's success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work—even if he managed to accomplish a great deal in a small window of time." *Jeter*, 622 F.3d at 381. Here, Shull has made a convincing case that the good result he achieved for Ball was due to his significant knowledge and experience in social security disability law and his effective and efficient representation, rather than due to "some other source for which it would be unreasonable to compensate the attorney." *Id.* ("[W]e do not read *Gisbrecht*'s 'windfall' as

---

[7] Although the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004); *see Jeter*, 2010 WL 3783666, at *7 ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding.").

support for the proposition that experienced, competent counsel should be punished for accomplishing an arduous task in a shorter span of time than less-experienced, less-aggressive counsel."). Accordingly, Shull's requested fee award of $23,706.25 will be authorized by this Court, but will incorporate an offset for the $6,000 in EAJA fees that Shull already received, reducing the fee ward to $17,706.25. *Gisbrecht*, 535 U.S. at 796.

Because Shull filed his request for fees more than a year after Ball was awarded benefits, the Court must also address the timeliness of Shull's motion. *See Richardson v. Astrue*, No. 07-62-P-H, 2010 WL 2927269, at *2 (D. Me. July 20, 2010) ("[I]t is entirely appropriate for the commissioner *or* the court to raise, and for the court to consider, whether a section 406(b) fee petition has been timely filed."); *Garland v. Astrue*, 429 F.Supp.2d 216 (E.D.N.Y. 2007) (holding that a nine-month delay in filing a §406(b) request was *per se* unreasonable). "The time limit for submitting § 406(b) motions is something of an unresolved issue." *Cox v. Astrue*, No. 3:07-cv-234, 2011 WL 2692910, at *1 (N.D. Ind. July 11, 2011); *see Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987). "Section 406(b) does not contain any such time limitation, so ordinarily Federal Rule of Civil Procedure 54(d) would govern, which provides that motions for attorneys' fees 'must be filed no later than 14 days after entry of judgment.'" *Id.* (quoting Fed. R. Civ. P. 54(d)(2)(B)(i)).

"Rule 54(d) is difficult to apply in the context of § 406(b), however, because it would mean requiring fee petitions to be filed within 14 days of entry of the district court judgment." *Id.*; *see also Bassett v. Astrue*, No. 09-3231, 2012 WL 295068, at *2 (C.D. Ill. Feb. 1, 2012). "This is an unworkable scenario when the case is remanded to the Commissioner since it will almost always take longer than 14 days for the Commissioner to reach a decision and to issue [a notice of award] granting past-due benefits (from which any § 406(b) attorneys' fees would be

8

derived)." *Cox*, 2011 WL 2692910, at *1; *see also Bassett*, 2012 WL 295068, at *2.

Accordingly, in *Smith*, the Seventh Circuit Court of Appeals concluded that "a petition for fees under § 406(b)(1) must be brought within a reasonable time." 815 F.2d at 1156. Although this decision was rendered at a time when Rule 54 imposed no time limit apart from an implicit requirement of reasonableness, courts have continued to apply the "reasonable time" standard when considering § 406(b) requests. *See, e.g.*, *Bassett*, 2012 WL 295068, at *2 (citing *Smith*, 815 F.2d at 1156); *Cox*, 2011 WL 2692910, at *2 (citing *Smith*, 815 F.2d at 1156).

This Court has previously concluded that a nine-month delay in filing a §406(b) request warranted a reduction of the portion of the attorney's requested award in an amount equal to the interest on the money rightfully due to the plaintiff that had been needlessly withheld for an excessive amount of time. *See, e.g.*, *Moore v. Comm'r of Soc. Sec.*, No. 1:14-CV-00160-SLC, 2017 WL 3588066, at *3 (N.D. Ind. Aug. 21, 2017); *Hill v. Comm'r of Soc. Sec.*, No. 1:11-CV-00134-SLC, 2016 WL 2643360, at *5 (N.D. Ind. May 10, 2016) (holding that a nine-month delay in filing a §406(b) request was unreasonable). Here, Shull received a letter from the Commissioner dated February 1, 2017, which states that she has been withholding the $23,706.25—the balance of 25% of the past-due benefits payable to Ball since December 2016. (DE 41-2). Shull then filed his fee request with this Court on February 16, 2018. (DE 40). Shull never explains why he did not promptly file the fee request after receiving the notice of award in February 2017. Ball should not be prejudiced by his attorney's delay. *Moore*, 2017 WL 3588066, at *3; *Hill*, 2016 WL 2643360, at *5.

Therefore, the Court will order that the attorney's portion of the fee award be reduced to account for the prejudice that resulted to Ball because of his attorney's delay. More particularly, the Commissioner will be directed to deduct from the portion due to Shull, an amount equal to

9

the interest on the remaining $6,000, owed to Ball, as calculated pursuant to the statutory interest rate, beginning May 1, 2017, which is 90 days afer the date of Ball's benefit award, through February 16, 2018, the date the instant motion was filed, and add it to the $6,000 owed to Ball. Shull, then, is to receive the remaining balance of the fee award.

### D. Conclusion

For the foregoing reasons, Shull's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. Section 406(b) (DE 41) is GRANTED, except that his requested fee of $23,706.25 is reduced to $17,706.25 to offset his prior award of EAJA fees in the amount of $6,000. The Commissioner is further ORDERED to deduct from Shull's award of $17,706.25 an amount equal to the interest on the remaining $6,000 owed to Ball, as calculated pursuant to the statutory interest rate, beginning May 1, 2017, through February 16, 2018, and add it to the $6,000 owed to Ball.

SO ORDERED

Entered this 24th day of May 2018.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge